GLENN B. McCORMICK
Acting United States Attorney
District of Arizona
ANGELA W. WOOLRIDGE
Assistant United States Attorney
Arizona State Bar No. 022079
405 West Congress St.
Tucson, AZ 85701
Telephone: (520) 620-7300
Email: angela.woolridge@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-19-0338-TUC-JGZ (JR) |
| Plaintiff, | |
| vs. | GOVERNMENT'S BRIEF REGARDING FORFEITURE ISSUES |
| Marco Antonio Peralta-Vega, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, pursuant to this Court's Order (Doc. 87), hereby submits its brief addressing all forfeiture issues to be determined at the Evidentiary Hearing on May 7, 2021. The government also hereby gives notice that it has not identified any additional issues, other than the forfeiture issues further discussed herein, to be addressed at the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. Entering a Substitute Assets Order**

At the change of plea hearing held before the magistrate judge on March 2, 2021, the defendant, Marco Antonio Peralta-Vega (hereinafter "the defendant") pled guilty without a written agreement to Count One of Indictment, which included all the firearms and ammunition listed in the Forfeiture Allegation of the Indictment. The defendant also admitted to the Forfeiture Allegation pursuant to an agreement with the government that this Court would determine the proper scope of the forfeiture judgment at or prior to sentencing, as set forth in the parties' Joint Brief for Change of Plea Hearing. (Doc. 75.)

Pursuant to Title 18, United States Code, Section 924(d)(1), "any firearm or ammunition involved in … any violation of any other criminal law of the United States … shall be subject to seizure and forfeiture."  Section 924(d)(3)(F) further provides, "the offenses referred to in paragraphs (1) and 2(C) of this subsection are – any offense which may be prosecuted in a court of the United States which involves the exportation of firearms and ammunition."

Federal Rule of Criminal Procedure 32.2(b)(2)(A) provides, "If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria."  A criminal forfeiture order may take several forms including a money judgment, directly forfeitable property, and substitute assets. *United States v. Candelaria-Silva*, 166 F.3d 19, 42 (1st Cir. 1999).

The defendant admitted during the change of plea colloquy that he smuggled the firearms and ammunition to Mexico and that through his own actions, the firearms and ammunition were unavailable for forfeiture.  Thus, the government has met the statutory criteria to establish the forfeitability of the firearms and ammunition pursuant to Title 18, United States Code, Section 924(d); Title 28, United States Code, Section 2461(c); and Federal Rule of Criminal Procedure 32.2(b)(2)(A).  Further, the government established pursuant to Title 21, United States Code, Section 853(p), that the firearms and ammunition were unavailable for forfeiture and therefore the government is entitled to pursue substitute assets up to the value of the firearms and ammunition.

The Ninth Circuit has held on more than one occasion that in circumstances such as the ones in defendant's case, the government is entitled to forfeit substitute assets up to the value of smuggled firearms and ammunition not available to the government due to an act or omission of the defendant. *See United States v. Valdez*, 911 F.3d 960, 966 (9th Cir. 2018); *United States v. Soto*, 915 F.3d 675, 679-680 (9th Cir. 2019) (rehearing denied April 24, 2019).

**B. The Forfeiture is not Excessive Under the Eight Amendment**

The forfeiture of substitute assets up to the value of the forfeited firearms and ammunition is not excessive in violation of the Eighth Amendment because the value of the firearms and ammunition is below both the maximum fine provided by the statue and the high end of the applicable fine range provided by the United States Sentencing Guidelines for the offense for which the defendant pled guilty. *See* 18 U.S.C. §554 ($250,000); U.S.S.G. § 5E1.2(c)(3) ($20,000 to $200,000). Further, the defendant's crime of conviction, involving smuggling deadly weapons from the United States into Mexico, is a serious one with substantial risk of harm to the general population.

In the wake of *United States v. Bajakajian*, 524 U.S. 321 (1998), the courts have developed a four factor test to determine if a forfeiture is grossly disproportionate to the gravity of the offense: 1) the nature of the crime and its connection to other criminal activity, 2) whether the defendant fits into the class of persons at whom the statute was aimed, 3) the maximum sentence or fine under the applicable statute and sentencing guidelines, and 4) the harm caused by the offense. Most courts, including the Ninth Circuit, focus on the high end of the applicable fine range provided by the Sentencing Guidelines to determine whether the forfeiture violates the Eighth Amendment. The Ninth Circuit has found that "the maximum penalties under the Sentencing Guidelines should be given greater weight than the statutory maximum because the Guidelines take into account the specific culpability of the offender." *United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1112 (9th Cir. 2004). If the value of the asset being forfeited is less than the high end of the fine range, a "strong presumption" arises that the forfeiture is constitutional, and if the value of the asset is near the high end of the fine range, the forfeiture is "almost certainly" non-excessive. *See United States v. 817 N.E. 29th Drive, Wilton Manors*, 175 F.3d 1304, 1309-10 (11th Cir. 1999).

Considering the additional three factors under *Bajakajian*, here the forfeiture is still not grossly disproportional to the offense. The crime the defendant pled guilty to is clearly related to other activity. The defendant smuggled the firearms and ammunition into

Mexico, where these items are illegal.  The firearms and ammunition are thereafter used to perpetuate illegal criminal activity in Mexico.  The defendant fits squarely into the class of persons at whom his statute of conviction is aimed.   Without individuals such as the defendant, who smuggle firearms and ammunition into Mexico, criminal organizations in Mexico would not have the firearms and ammunition needed to further their illegal and dangerous activities.  Additionally, a great amount of harm was caused by this offense. The defendant was responsible for two .38 caliber handguns, one 9mm handgun, 100 rounds of .50 caliber BMG ammunition, 3,500 rounds of 5.7mm ammunition, 8,000 rounds of 7.62 caliber ammunition, 4,000 rounds of 5.56 caliber ammunition; 6,000 rounds of 2.23 caliber ammunition, 3,100 rounds of .38 Super ammunition, 3,000 rounds of 9mm ammunition, 1,500 rounds of 10mm ammunition, 2,000 rounds of .380 Auto ammunition, 2,000 rounds of 5.45 caliber ammunition, 3,000 rounds of .45 ACP caliber ammunition, and 1,000 rounds of .357 caliber ammunition; all smuggled into Mexico.  These three firearms and the 37,200 rounds of ammunition have been, are, and/or will be used by violent criminal organizations to enforce their illegal activity.  The smuggling of these firearms and ammunition to Mexico has a significant negative impact on the health, safety, and morals of our country.  Finally, the defendant did not commit this crime on simply one occasion, but rather engaged in the smuggling of deadly weapons repeatedly over the course of ten months.

The government is seeking the forfeiture of the firearms and ammunition involved in the defendant's offense, the value of which is approximately $21,027.50.[1]   The fine range provided for the defendant's offense by the Sentencing Guidelines is $20,000 to

---

[1] The government previously gave notice in the parties' Joint Brief for Change of Plea Hearing that the amount of the substitute assets judgment it was seeking was $35,904.83.  That amount included the value of other assets listed in Count One of the Indictment, which the defendant admitted to having smuggled into Mexico; specifically 2,649 high capacity rifle magazines and 120 Ballistic Body Armor plates.  As the value of these assets is not provided for by statute for inclusion in a substitute assets forfeiture judgment, the government has revised its calculation of the appropriate value to include only the firearms and ammunition, the value of which is $21,027.50.

$200,000.  U.S.S.G.  §  5E1.2(c)(3).    Given  that  the  amount  the  government  seeks  in substitute assets is far below both the high end of the applicable fine range and the statutory maximum fine of $250,000, the forfeiture is not excessive. *See, e.g., United States v. Riedl*, 82 Fed. Appx. 538, 540 (9th Cir. 2003) (forfeiture 12 times the prescribed guidelines fine, but within the aggregate statutory fine for money laundering offenses, was not excessive).

## C. Administrative Forfeiture of Currency

In this case, the government seized from the defendant $9,538 in U.S. currency and $24,620 in Mexican pesos, all of which was determined to constitute and/or be derived from proceeds traceable to the defendant's smuggling offense. United States Customs and Border Protection sent notice of the seizure and intent to forfeit the $9,538 in U.S. currency and $24,620 in Mexican pesos to the defendant at his home address in Nogales, Arizona. The certified letter was signed for by Valeria Peralta on February 27, 2019.  In the parties' Joint Brief for Change of Plea Hearing filed in this case, the defendant stated he is not contesting that he received notice, but instead is claiming he did not understand it.  (Doc. 75, p. 5.)  The sole remedy to contest a completed administrative forfeiture on lack of notice grounds is set forth in Title 18, United States Code, Section 983(e).

The two statutes which direct the applicable federal agency to send notice of a seizure and intent to forfeit – Title 18, United States Code, Section 983(a)(1)(A); and Title 19, United States Code, Section 1607 – only provide that written notice must be sent to interested parties and that notice of the seizure be published, both of which were properly accomplished in this case.  Neither statute requires that the notice be in the recipient's primary language.

The several courts which have addressed the argument that in order to comply with due process, seizure and forfeiture notice letters must be sent to non-English speakers in their native language, as the defendant contends here, have been unanimous rejecting such an argument. *Toure v. United States*, 24 F.3d 444, 446 (2d Cir. 1994) (burden is on defendant to obtain translation if necessary; to provide notice in language of defendant's preference would put an undue burden on the government); *Hong v. United States,* 920 F.

Supp. 311, 315-16 (E.D.N.Y. 1996) (reiterating *Toure*); *Crespo-Caraballo v. United States*, 220 F. Supp. 2d 73, 77-78 (D.P.R. 2002) (notice published in San Juan newspaper and mailed to claimant in English was valid even though claimant only spoke Spanish).

Here, United States Customs and Border Protection properly noticed the defendant of the seizure and intent to forfeit the $9,538 in U.S. currency and $24,620 in Mexican pesos, and their forfeiture of these assets comports with due process.

**D. Value of Administratively Forfeited Assets Should Not Apply to Substitute Asset Order**

As discussed, United States Customs and Border Protection administratively forfeited the $9,538 in U.S. currency and $24,680 in Mexican pesos seized from the defendant and determined to be proceeds of his smuggling offense. The government also seized a 2016 Dodge Ram and a 2017 Jeep Wrangler in this case. The 2016 Dodge Ram was not registered to the defendant, but instead was registered in Mexico to Valeria Hernandez Sanchez, and was administratively forfeited on December 6, 2019. On October 30, 2019, the 2017 Jeep Wrangler was remitted to the lienholder, Ally Financial.

In this case, the government is not requesting a forfeiture money judgment for the value of proceeds the defendant obtained as a result of his offense of conviction. Instead, the government is seeking to forfeit the firearms and ammunition involved in the offense. Because these firearms and ammunition are unavailable for forfeiture due to an act or omission of the defendant, the government seeks to forfeit the value of those assets, which is $21,027.50. The value of the administratively forfeited assets should not be applied to the computation of the substitute assets order because the administratively forfeited assets are proceeds, and the assets sought to be judicially forfeited are assets involved in the crime. The assets comprise two separate categories and are not of the same class of forfeitable assets. The government is entitled to forfeit all assets, both those which are proceeds of the crime and those which were involved in or facilitated the crime. *See* Title 18, United States Code, Sections 924(d) and 981(a)(1)(C); and Title 22, United States Code, Section 401. One class of assets does not offset the other.

The value of the administratively forfeited assets (proceeds of the crime) should not be applied against the substitute assets order for judicial forfeiture (assets involved in the crime).

**E. Value of Firearms and Ammunition**

The government can show that the value of the firearms and ammunition subject to forfeiture are valued at $21,027.50. The government is in possession of all the receipts and invoices from the purchases of the firearms and ammunition, which conclusively show their value. The government intends to introduce these receipts and invoices as exhibits at the Evidentiary Hearing in this matter.

**F. Conclusion**

The government respectfully requests that this Court enter a Preliminary Order of Forfeiture against the defendant in the amount of $21,027.50, the value of the firearms and ammunition involved in the defendant's offense of conviction. These firearms and ammunition are subject to forfeiture and are unavailable for forfeiture due to an act or omission of the defendant. Therefore, the government is entitled to the forfeiture of substitute assets in the amount of the value of the firearms and ammunition, which the government will establish is $21,027.50.

Respectfully submitted this 4th day of May, 2021.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

*s/ Angela W. Woolridge*

ANGELA W. WOOLRIDGE
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
other means this 4th day of May, 2021, to:

Erendira Castillo, Esq.
Attorney for defendant Marco Antonio Peralta-Vega